Good morning, Judge Rollison. Good morning, Your Honors. May it please the Court, Matthew Dowd for the appellants. I will endeavor to reserve two minutes for time, and I'll keep my eye on the clock the best I can. And this is an appeal of attorney's fees award under the Lanham Act and Rule 41D. If I may, I'd like to answer the Court's questions on three main issues. The first, there was no forum shopping in this case, let alone bad faith forum shopping. Second, the appellants here made a good faith effort to amend their complaint to plead viable, plausible claims, false advertising claims under the Lanham Act, particularly given the unsettled nature of proximate causation law, particularly in view of this Court's precedent in the TrafficSchool.com versus eDriver case that presumes damage or injury for a direct competitor, and also in view of our requested relief of an injunction. And the third issue, if we have time, Your Honor, I'd like to address the Rule 41D issue and why fees are not awardable under Rule 41D. Turning to the forum selection clock, the forum shopping issue, Your Honors, in this case, our clients, ThermoLife in particular You would agree that we're reviewing these findings for clear error, the District Court's findings for clear error, correct? Yes, Judge Desai. Okay. And, sorry, do you? Well, I think you can anticipate my next question, which is why are these findings clearly erroneous? That's a pretty high standard to meet for you. It is clear error, right? And I don't think we have a dispute about the facts in terms of the timing of the case. What we disagree with is the ultimate conclusion on what you read from those facts in terms of the timing. From December 2018 through February 2020, our clients made a consistent and concerted effort to consolidate this case and BPI's retaliatory action in Florida, in Arizona. And you were unsuccessful. We were unsuccessful. And at that time, what we did was we moved it, we attempted, we moved the case to Florida. We moved it, and again, this is all in the interest of comedy, avoiding inconsistent decisions. This was consistent with what we in particular, exception of record 1230. And this was in opposition, this was in briefing in the Florida court, where BPI itself argued that the Arizona court, the Arizona case and the Florida case were related enough for their hand guard's antitrust claim. And ultimately, what the District Court here awarded fees was, partly on the basis of a Florida attorney in the Florida case, to maintain consistency between the Florida case and the Arizona case. And again, this was all consistent with our goal of having the disputes litigated in one court. And so this was not an instance of forum shopping. The only reason the District Court gave was calling this pretext. But I think the only way you can get to pretext is by ignoring the undisputed declaration of Ronald Kramer, the email from Thermalize Prior Counsel explaining that they wanted to avoid inconsistent decisions, and also the definition of forum shopping itself. Forum shopping requires some tactical advantage or some attempt to gain better law. And this, as we explained in the brief, is essentially the antithesis of forum shopping, because we, in attempting to consolidate the cases, we moved the Arizona case to Florida to the same judge, Judge Smith, in an effort, and this was in BPI's home court. So from our view, we've been consistent the entire time. This was not an attempt and this was not an effort to gain some tactical advantage under forum shopping. And Your Honor, what I would point out as well, too, is that in the brief to this Court, BPI asserts incorrectly that Judge Smith in Florida made a finding that we were, in fact, blatantly forum shopping. There is no finding. Judge Smith never said that. And in fact, Judge Smith, when he was considering the motion to transfer BPI's retaliatory action to Arizona, recognized that the operative facts weighed in favor of keeping it in Florida. So this was not an instance of forum shopping. And in fact, BPI notes all of the other cases that Thermalife filed in Arizona, and this is the only instance where BPI actually attempted to move the case to a different forum. And I think that's significant, because when you read BPI's appeal brief to this Court, they paint this picture that we were attempting to flee all these bad decisions. But the timing of the case, that does not add up, because we started receiving adverse decisions in April, May, June, August of 2019. And if you were to believe that narrative that BPI advances on appeal, we should have left long before we waited for Judge Smith's denial of our attempt to consolidate the cases in Arizona. So Judge Desai, what I would say is that we're not disputing the actual factual findings, because there's no dispute in terms of the timing of the case, the briefing, the arguments that were presented below. What we are disputing is this conclusion that our attempt to make a good faith effort of avoiding inconsistent duplicate findings was pretext. There's actually no basis to say that what we did was a pretextual effort to find some tactical advantage or to move the case to a different forum where we were attempting to gain some better decision on the law. Could I ask you to turn to the Rule 41 issue? And as you know, in Moskowitz, we reserve the question of whether bad faith allows an award of fees from a prior case. Why isn't the answer to that question yes? Judge Miller, I think the simple, our primary answer is that cost means cost under Rule 41D. And then if we turn to the Merrick case, Merrick v. Chesney, and that was addressed in Moskowitz as well too, that I think puts aside any importation of fees under the Lanham Act. And I'm going to get to your question in terms of bad faith. I don't believe it does, because again, that essentially just wipes away the meaning of cost. Now, if the view of the court is that bad faith can always trump the language of the statute, then cost never means cost. The language of the statute is ambiguous. Sorry, the Rule, Your Honor. Sorry. Yeah. Isn't the language of the Rule ambiguous? Because costs are interpreted to be inclusive of fees, especially when statutes like the Lanham Act sort of permit fees. So maybe you can address why we ought not look at costs more broadly to include other things as is often done. Yeah, Judge Desai, with respect to the Lanham Act, costs and fees are defined and treated separately. Yeah, I'm talking about in 41D. So in 41D, and I think if you don't accept the plain textual approach of costs, meaning cost, then I think you have to look at the purpose and the structure of 41 itself. And if I could have a moment to walk through, and I think this sort of gets to our ultimate point. So you have A1, A1, and that's the voluntary dismissal of a plaintiff before summary judgment or before an answer. And if you look at the purpose of that provision, it's to allow an escape route for the plaintiff when the plaintiff decides not to go through the case, minimal cost and just cost, cost. Now, 41A1A2 is the joint stipulation provision, and that's giving the plaintiff an opportunity to dismiss the case later on after a defendant has arguably incurred additional expense and cost, and it's only upon agreement of the defense. And of course, 41A2 is an entirely different situation where you get past the early stages of the case, and it's dependent on the court order, and that's a situation where the courts have consistently ruled that a court can impose fees. Now when you get to 41D, that's dealing with a previously dismissed case. And in many instances, and if you go back to the original rule with the advisory committee, it's to avoid foreign shopping. And if that's the purpose of 41D, then I don't think you can read into a purpose of allowing a subsequent court to then reassess an earlier case in a different court before a different judge for purposes of fees. And the other point of 41D that I think is important is that under 41D2, a court or the next court can then stay the matter until the costs are paid by the plaintiff. And again, I don't see anything in the history of the rule and any of the precedent that suggests that a subsequent court in the second action has the ability to prevent the second action from proceeding before going through an entire exercise of attorney's fees in the previous case. That's the purpose of 41A2. And that gives the first court the opportunity to assess whether this is a type of case where to let the plaintiff off prior to litigating the merits of the case, to let the plaintiff off, and then assess fees if that's appropriate. Now, 41B is also instructive because 41B, the default there is a judgment on the merits. It's a dismissal with prejudice. And then we get back into the typical situation where you have a case resolved. It may not have gone very far, but it's resolved under 41B, dismissed with prejudice. And the defendant then has the right to seek fees pursuant to whatever statute applies. And here, Judge Rawlinson, I know I'm into my rebuttal. If I could just... Yes, would you please wrap up? Thank you, Your Honor. So 41B allows that assessment, but only per the statute. So if you were to look at 41D simply on costs and allow 41D to trump all of that, in particular with bad faith, there are many other avenues where a court can impose fees pursuant to bad faith. Rule 11, 1927, all those are available. But I don't see that being read into the rule and the way the structure and the purpose of the rule is. And also, when you go back to 1937, 1938, when the rule was first enacted, costs were a very different animal. Costs were far from insignificant. And that's, I think, the historical aspect. We just didn't have the space available to elaborate on our brief, but that is a recognition. All right, counsel, we understand the argument. Thank you. May it please the Court, Robert Parsley for Appellee BPI Sports. On the form shopping issue, the district court found, as a matter of fact, based on detailed discussion of the background and the record of this case, that there was bad faith, that there was form shopping, there was an attempt to vex and harass the defendants, and therefore found it was an exceptional case. Those are findings of fact by the district court, and the court did not abuse its discretion in awarding fees. Can you address your friend on the other side's argument that the plain text of 41D precludes the award of fees? Yes. There's two grounds for awarding fees for the voluntarily dismissed action under 41D. One is when there's an underlying fee-shifting statute. The other is when there's been bad faith. When it comes to bad faith, the purpose of Rule 41D and the purpose of Rule 41A1 are the same. That is, a court can impose attorney's fees when there's been form shopping, bad faith, litigation conduct, and that sort of thing. Under 41A2, a court is doing it based on the action that was before it. 41D permits a subsequent court to award costs for a previous action that's been voluntarily dismissed. That may have been in a different district as it was here. We all know that a district court has the inherent authority to award fees in a different case that was elsewhere, and 41D fills that procedural gap. Can I just stop you there? I had understood that to be your position for your brief, but if we did not have 41, if there were no Rule 41, the district court here would not have inherent authority to impose fees from the prior case. Correct. It would have no inherent authority to do that in another case. So if it has to be found in — if the authority has to come from Rule 41, Rule 41 says costs. It says costs. So how — even if there's bad faith, costs are still costs, and not fees. Costs — the Supreme Court itself, in cases that we cite in our brief, have said clearly the word costs, as used in a statute of rule, does not rule out attorney's fees. But isn't that because sometimes there's a statute? I mean, so like in Merrick, right, it was — that involved — 1988 says the court can award fees as part of the costs. So you have a statute that defines costs to include fees.  But if you're trying to put fees as part of costs just because of a finding of bad faith, there's no statute that tells you you can do that, is there? Right. No. For the bad faith, that's based on the court's inherent authority. But you just said the inherent authority doesn't extend to fees from another case. Except it does through 41D. That's what 41D does, is it provides an avenue for that. But the inherent authority is to award fees for bad faith before the court. And then you have a rule that says you can award costs, doesn't say fees. How does that sort of transform the inherent authority? I see you're — yes. In Merrick, in Keatronic, the Supreme Court has made it clear that when the word costs is used, it can sometimes mean attorney's fees. It can include attorney's fees. Even though the word costs is used, that's exactly what the Supreme Court found in Merrick in regard to Rule 68D, offer of judgment. But I think maybe just to go back to a couple questions before. The reason they said that in Merrick was because you had a statute that applied to that case and that defined costs to include fees. That's right. That was the limit of Merrick's decision. And we don't have such a statute here. We don't have a statute like that here. That's exactly right. But Merrick also relied on the purpose of the rule and the purpose of the statute. And it determined that allowing fees there was consistent with the purpose of the fee-shifting rule. The Fourth Circuit, in the Andrews case, has determined the same thing. That even if you — even if the fee-shifting statute that provides the necessary exception to the American rule does not expressly define costs as including fees, there can still be fee-shifting for the prior action under Rule 41D. That's consistent with the purpose of Rule 41D, which is to deter and compensate for impermissible form shopping, bad faith litigation conduct. It may be consistent with the purpose, but I'm still struggling to see how it's consistent with the text. So do you — maybe we've exhausted that. I also — I want to make sure I understand something that you just said a moment ago in response to Judge Miller's question. Are you conceding that the Lanham Act does not qualify as a statute that provides for attorneys' fees as part of costs? Because I thought I heard you say that there is no statute here. The Lanham Act — right, 1988 says expressly costs — there can be a word of costs including attorneys' fees. Right? That was — the Lanham Act does not say that. The Lanham Act says that fees may be awarded in exceptional cases. It does not expressly define costs. So why can't that language constitute the basis under Merrick for us to be able to say costs can include attorneys' fees? I want to make sure I understand your question, Your Honor. In other words, you're saying why should we extend Merrick to a fee-shifting statute that does not define costs as including fees? Correct. Correct. Because it's consistent, first, I think it would elevate form over substance to say just because a fee-shifting statute doesn't define the word costs as including fees, then it doesn't provide an exception to the Merrick rule under Rule 41D. Merrick didn't have to address that question because it wasn't before it. And other circuits have not addressed that question because it wasn't before it. The Fourth Circuit and Andrews went beyond that. It's totally consistent with the purpose of Rule 41D and the Lanham Act fee-shifting statute to permit an award of fees under 41D when there's been exceptional case behavior in a prior case that was voluntarily dismissed as well as in the present case before the court. So, you know, the Fourth Circuit has gone that way. The Third and Fifth and Seventh Circuit only addressed statutes where it defined fees as costs like 1988. But there's no reason to stop there. Merrick supports that. Rule 41D supports that. The Lanham Act supports that. Of course, this court has two alternative grounds on which it could affirm the award of fees for the voluntarily dismissed action under 41D. Either there is a fee-shifting statute that provides the exception to the Merrick rule or there was bad faith litigation conduct. The court could choose to address, to affirm on one of those grounds without addressing the other. It could choose to address both grounds. So it should affirm on both grounds here. I'll also note, and I think this is significant, and the concurrence of dissent by Judge Orlow in Moskowitz is very instructive. Provides the same rationale that BPI is advancing here. A very well-reasoned explanation. Rule 54D-1 says, the title, costs other than attorney's fees. There would be no need to say other than attorney's fees if costs, as used in the federal rules, could never include attorney's fees. And when the rules were initially established, you go back in the 30s and 40s, I think there was a less clear distinction between costs and attorney's fees than there is in more recent years. But 54D plainly contemplates that the word costs can include fees. And the structure of Rule 41, as the dissent and concurrence in Moskowitz says, to permit an award of attorney's fees under 41A-2, when it doesn't even say costs, yet not to permit it under 41D, when it does use costs, would create a contradiction between two different parts of Rule 41. And the court shouldn't do that. All right, counsel. You've exceeded your time. Unless there are questions, we'll go to rebuttal. Thank you. Thank you, Your Honor, for the extra time. Three very quick points. Judge Desai, a question about the Lanham Act. If you look on page 11 of the U.S. report's opinion for Merrick, the Lanham Act is actually, it's the dissent, the Lanham Act is actually listed as one of the acts that does not include fees as being part of costs. So I think that answers the question directly. And if I may, I would just implore the court to look, going back to the forum shopping issue, excerpts of record 1230 and 1212. Because those, I think, explain very clearly why the district court's conclusion about our effort to consolidate and economize the cases and avoid inconsistent decisions is the right outcome and it rebuts the district court's conclusion that there's pretext. And my final point, Your Honor, is that if you reach, or if you reach the conclusion that there was no bad faith forum shopping here, then you don't necessarily need to rule on the Rule 41D issue in terms of whether bad faith is encompassed within that rule. All right. Thank you, counsel.  The case, as argued, is submitted for decision by the court. The next case, United States v. Singh, has been submitted on the brief.
judges: RAWLINSON, MILLER, DESAI